COX, WOOTTON, LERNER,
GRIFFIN & HANSEN, LLP
Marc T. Cefalu (SBN 203324)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff
SVENDSEN'S BOAT WORKS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN MATEO COUNTY HARBOR DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>M/V SPIRIT OF SACRAMENTO, Official No. 510560, its engines, tackle, machinery, furniture, apparel, appurtenances, etc., *in rem*, and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**IN ADMIRALTY**<br><br>**PLAINTIFF'S VERIFIED COMPLAINT** |

Plaintiff SAN MATEO COUNTY HARBOR DISTRICT ("Harbor District" or "Plaintiff") alleges as follows:

## I.  JURISDICTION AND VENUE

1. This action is within the admiralty jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333(1), and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times relevant to this action, the *in rem* defendant vessel M/V SPIRIT OF SACRAMENTO, Official No. 510560, its engines, tackle, machinery, furniture, apparel, appurtenances, etc. (the "Vessel"), was and is duly documented under the laws of the United

States with its registered owner being Sacramento Yacht Charters, LLC.

3. Venue is proper in this Court because the *in rem* defendant Vessel is physically located within the Northern District of California. Venue is also proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2).

## II.  THE PARTIES

4. Plaintiff San Mateo County Harbor District is a governmental entity formed under the laws of the County of San Mateo and the State of California. Plaintiff operates the Oyster Point Marina in South San Francisco.

5. *In rem* defendant Vessel is an 84.6 foot steel paddlewheeler of U.S. registry, official number 510560. The Vessel is owned by Sacramento Yacht Charters, LLC ("Owner"), a suspended California limited liability company. On information and belief, John Morgan Stahl, Jr., was the Owner's appointed manager and operator of the Vessel at all relevant times.

## III.  FIRST CAUSE OF ACTION

[Breach of Berth Rental Agreement and
Enforcement of Maritime Lien for Necessaries]

6. On or about October 31, 2013, Plaintiff Harbor District and John Morgan Stahl, Jr. ("Stahl"), on behalf of the Owner and Vessel, entered into a Berth Rental Agreement ("Agreement") whereby Plaintiff agreed to rent a berth at Oyster Point Marina in South San Francisco to store the Vessel in return for monthly rent payment from Stahl. A true and correct copy of the Berth Rental Agreement is attached to this Verified Complaint as **EXHIBIT 1**.

7. The Berth Rental Agreement provided that, in exchange for the berth provided by the Harbor District, Stahl would pay the monthly berth rental fees to Plaintiff at the rate(s) stated in the applicable San Mateo Harbor District Rates and Fee Schedule ("Fee Schedule"). The initial montly berth rent was $785.00. A true and correct copy of the Fee Schedule in force at the time the parties executed the Agreement is attached as **EXHIBIT 2**.

8. The Agreement and Fee Schedule, provided for attorney's fees and late charges

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

SMCHD.SOS/XXXX

-2-                                                                                      Case No.

PLAINTIFF'S VERIFIED COMPLAINT

(interest on unpaid balances), respectively.[1]

9. Stahl initially made the first two monthly rent payments to the Harbor District in November and December, 2013, but failed to make any subsequent monthly rent payments.

10. On June 3, 2014, the Harbor District served Stahl and the Vessel with a Three-Day Notice to Quit or Pay, demanding that Stahl either remit $7,078.24 in outstanding monthly rental payments, electrical charges, and transient fees, or vacate the berth, remove the Vessel from the Marina and deliver the berth the Harbor District.

11. As of April 27, 2015, Defendant Vessel owes the Harbor District a total of $29,294.58, the outstanding balance of monthly rental, electrical and late fees, which have continued to accrue at the transient rental rate of $59.40/day since the June 6, 2014.

12. Although demands have been made upon Stahl to pay the outstanding amounts he owes to Plaintiff under the Agreement, Stahl has failed, neglected, and refused to pay any of those amounts. Stahl has likewise failed to remove the Vessel from the berth.

13. By reason of the failure of Stahl and the Defendant Vessel's failure to pay the indebtedness which is owed to Plaintiff Harbor District under the Agreement, Plaintiff is entitled to sue on the Agreement and enforce its statutory maritime lien for "necessaries"[2] that exists against the Defendant Vessel *in rem* by virtue of 46 U.S.C. §§ 31301(4)-(5) and §§ 31341-31343 of the Commercial Instruments and Maritime Lien Act.

14. Plaintiff has incurred and will incur reasonable attorneys' fees, costs, and expenses, and may be caused to make advances and sustain damages by reason of the defaults of Defendant, all in amounts not presently ascertainable. Plaintiff will either amend its pleadings to correctly allege the proper amounts when they have become known or prove the amounts at trial or by an evidentiary hearing.

V. **ARREST OF THE VESSEL UNDER RULE C AND 46 U.S.C. § 31342 (a)(2)**

15. Defendant has failed to abide by the terms of the Agreement, as set forth above.

16. Pursuant to Rule C of the Federal Rules of Civil Procedure, Supplemental Rules for

---

[1] EXHIBIT 1, page 4, at paragraph 9 (attorney's fees); EXHIBIT 2, page 55 of 59 (late charges – interest).
[2] "Necessaries" include wharfage. *The Western Wave*, 77 F.2d 695, 698 (5th Cir. 1935), citing *Ex parte Easton* (1877) 95 U.S. 68.

-3-   Case No.

PLAINTIFF'S VERIFIED COMPLAINT

Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), and 46 U.S.C. § 31342(a), Plaintiff is entitled to arrest the Vessel.

### PRAYER FOR RELIEF

Plaintiff Harbor District prays for the following relief:

A. That process in due form of law, pursuant to this Court's admiralty and maritime jurisdiction, issue against the M/V SPIRIT OF SACRAMENTO (Official No. 510560), her rigging, tackle, apparel, furniture, engines, bunkers, and all of its other appurtenances and equipment, and that all persons claiming any interest in the Vessel be cited to appear and answer this Verified *in rem* Complaint;

B. That Plaintiff's statutory lien for necessaries be declared to be valid against the M/V SPIRIT OF SACRAMENTO in the sum of at least $29,294.58 for unpaid wharfage provided to the Vessel as of April 27, 2015, plus late charges and interest, together with all other amounts which have been or are required to be disbursed by or on behalf of Plaintiff for the care, insuring, preservation, movement, and storage of the Vessel while in *custodia legis* herein, plus all other advances, expenses, attorneys' fees, costs, and disbursements by Plaintiff, together with post-judgment interest at the maximum statutory rate, with Plaintiff's liens to be prior and superior to the interest, of maritime and non-maritime liens or claims of any and all other persons, firms, or corporations;

C. That the M/V SPIRIT OF SACRAMENTO be condemned and sold to pay the demands and claims of Plaintiff, with interest and costs, and that Plaintiff may become a purchaser permitted to credit bid any amounts adjudged to be owing at any sale of the Vessel;

D. For judgment in favor of Plaintiff Harbor District;

E. For prejudgment interest as allowed by law on all sums that shall be adjudged to be owed; and

///

///

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

SMCHD.SOS/XXXX

-4-   Case No.

PLAINTIFF'S VERIFIED COMPLAINT

F.   That Plaintiff receive such other and further relief as the Court deems just and proper, including attorneys' fees and costs.

Dated: April 27, 2015

COX, WOOTTON, LERNER,
GRIFFIN & HANSEN, LLP
Attorneys for Plaintiff
SAN MATEO COUNTY HARBOR DISTRICT

By: _____/s/ Max L. Kelley_____
    Marc T. Cefalu
    Max L. Kelley

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

SMCHD.SOS/XXXX

-5-     Case No.

PLAINTIFF'S VERIFIED COMPLAINT

## VERIFICATION

I, Scott Grindy, declare as follows:

1. I am the Harbor Master of Oyster Point Marina, operated by the Plaintiff in this action.
2. I have read the contents of the above Verified Complaint and hereby verify the facts contained therein are true and correct to the best of my knowledge, information, and belief.
3. I am authorized on behalf of the San Mateo County Harbor District to verify this Complaint.

I declare under penalty of perjury under the laws United States that the forgoing is true and correct and that this verification was executed at South San Francisco, California, on April 29, 2015.

_____
Scott Grindy

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

SMCHD.SOS/XXXX

Case No.
PLAINTIFF'S VERIFIED COMPLAINT