UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN MATEO COUNTY HARBOR DISTRICT,<br><br>    Plaintiff,<br><br>  v.<br><br>M/V SPIRIT OF SACRAMENTO,<br><br>    Defendant. | Case No. 15-cv-01902-JD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 53 |

On December 4, 2015, Magistrate Judge Sallie Kim issued her report and recommendation on plaintiff's pending motion to strike (Dkt. No. 37) and motion for default judgment (Dkt. No. 38). Dkt. No. 53. No objections have been filed in response to the report, and the time to file objections has expired. *See* Fed. R. Civ. P. 72(b). The Court has carefully reviewed the report and finds it to be thorough and well-reasoned. The Court consequently adopts the report and recommendation in full, except for the minor modifications noted below.

For the reasons set forth in Magistrate Judge Kim's report, the Court grants plaintiff San Mateo County Harbor District's motion to strike Brian Gerhart's statement of interest. Dkt. No. 37. The statement of interest filed by Brian Gerhart on June 19, 2015 (Dkt. No. 18) is hereby stricken.

The Court agrees that plaintiff Harbor District's motion for default judgment (Dkt. No. 38) should also be granted for the reasons stated in Magistrate Judge Kim's report. Consequently, judgment will be entered in favor of plaintiff Harbor District and against the defendant M/V Spirit of Sacramento ("Vessel"), *in rem*, for plaintiff's maritime lien for necessaries in the amount of $31,336.77. *See* Dkt. No. 53 at 9-10 (explaining determination of $31,336.77 amount).

1   Magistrate Judge Kim's report recommends that the judgment for plaintiff should also include *custodia legis* expenses, but that the precise amount of those expenses should be left open until after judgment to be "substantiated after the sale" of the Vessel. Dkt. No. 53 at 12 & 13 (recommending *custodia legis* expenses be awarded "pursuant to a bill of costs to be filed post-judgment"). It appears to the Court, however, that plaintiff itself has not requested that the amount of these expenses be left open in this manner. *See* Dkt. No. 43 (proposed order requesting sum certain for *custodia legis* fees). It also appears that taking this approach may make it difficult, if not impossible, for plaintiff to recover the *custodia legis* expenses if the Court were to order a sale of the Vessel as proposed by plaintiff, as the Court intends to do. *See id*. (proposing that the Court order a sale of the Vessel in which the Harbor District "may credit bid . . . for any and all amounts up to the total judgment," and providing that "the Harbor District will be responsible to pay any other *custodia legis* fees or costs applicable to the Defendant Vessel"). The Court will accordingly include a sum certain for the *custodia legis* fees in the judgment for plaintiff. The Court finds that the appropriate sum to include is $19,611.23, as detailed and substantiated by plaintiff's most recent declaration filed on December 1, 2015. *See* Dkt. No. 52 ¶¶ 10, 15. This will make **$50,948.00** the total sum of the judgment for plaintiff.

The Court agrees with Magistrate Judge Kim's recommendation that the Court issue an order for the final sale of the Vessel and that the Harbor District be permitted to make a credit bid at that sale in compliance with Admiralty Local Rule 9-2. Dkt. No. 53 at 13. The Court will issue that order separately, adopting the terms in plaintiff's proposed order. Dkt. No. 43.

The Clerk is requested to close the file after the judgment for plaintiff and the order for the sale of the Vessel have been entered on the docket.

**IT IS SO ORDERED.**

Dated: January 22, 2016

JAMES DONATO
United States District Judge