UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN MATEO COUNTY HARBOR DISTRICT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M/V SPIRIT OF SACRAMENTO,<br><br>　　　　Defendant. | Case No. 15-cv-01902-JD<br><br>**ORDER FOR SALE OF VESSEL AND CREDIT BID** |

As requested by plaintiff San Mateo County Harbor District (Dkt. No. 38) and as addressed by the Court's prior order (Dkt. No. 54), the Court makes the following orders for the defendant vessel M/V SPIRIT OF SACRAMENTO, Official No. 510560 ("Vessel"):

1.　The defendant Vessel shall be sold free of all mortgages, liens, and other encumbrances in an admiralty execution sale pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Suppl. Rule"), Rule E(9)(a) and Local Admir. L.R. 9-2. The proceeds of the sale shall be paid into Court to await disbursement upon further order of the Court per Suppl. Rule E(9)(b). If the net proceeds of the defendant Vessel's sale are less than the Harbor District's judgment in this case, the Harbor District will be allowed to seek any deficiency against the Vessel's owner, *in personam*.

2.　The sale shall commence at a time and place designated by the U.S. Marshal for the Northern District of California.

3.　The Harbor District shall, pursuant to Admir. L.R. 9-2(a), cause proper notice of the sale to be published before the date of the sale in *The Recorder*.

4.     The Court authorizes the Harbor District to arrange for other such advertising as can be placed at a reasonable cost, and the expense of such advertisements will be reimbursable as an expense of sale.

5.     The U.S. Marshal shall conduct the sale and shall abide by the terms of sale as set forth in Admir. L.R. 9-2.

6.     Pursuant to Admir. L.R. 9-2(b), the Harbor District may credit bid for the Vessel at the Marshal's sale for any and all amounts up to the total judgment of $50,948.00.  If the Harbor District's credit bid is the highest bid, the Harbor District shall not be required to make a cash deposit or a subsequent cash payment into the Registry of the Court as is required for other bidders under Admir. L.R. 9-2(a).  The U.S. Marshal is authorized and directed to accept such credit bids from the Harbor District at the sale of the defendant Vessel.  If a sale to the Harbor District is confirmed for an amount based only on a credit bid:  (1) the Harbor District will be allowed to pursue a deficiency action against the Vessel owner, *in personam*, for any outstanding amounts still owed under its default judgment; (2) the Harbor District will be responsible to pay the fees, costs, and commissions due to the U.S. Marshal for the arrest and sale of the defendant Vessel; and (3) the Harbor District will be responsible to pay any other *custodia legis* fees or costs applicable to the defendant Vessel.

7.     At the conclusion of the sale, the Marshal shall forthwith file a written report to the Court pursuant to Admir. L.R. 9-2(c).

8.     The proceeds of the sale, if any, are to be deposited into the Court until further order of the Court.

9.     Should no successful bid be received on the defendant Vessel, or if for any other reason the sale of the defendant Vessel is not completed, then the parties shall report that to the Court and the defendant Vessel shall remain under arrest pending further order of the Court.

//
//
//
//

10. There shall be no minimum bid set by the Marshal.

**IT IS SO ORDERED.**

Dated: January 22, 2016

JAMES DONATO
United States District Judge